FILED

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD BERNARD,

           Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 13-70055

Agency No. A071-781-322

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

    Richard Bernard, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Bernard's untimely motion to reopen to seek adjustment of status for battered spouses, because Bernard failed to demonstrate extraordinary circumstances to waive the one-year filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). The record belies Bernard's contention that the BIA did not adequately explain the basis for its extraordinary circumstances determination. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (requiring only that the BIA announce its decision in terms sufficient to enable review).

The BIA also did not abuse its discretion by determining that Bernard's motion to reopen did not warrant equitable tolling of the filing deadline. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (equitable tolling is available where a petitioner is unable to obtain vital information bearing on the existence of a claim because of circumstances beyond the petitioner's control).

We lack jurisdiction to consider Bernard's unexhausted contentions regarding exceptional circumstances and extreme hardship determinations in relation to his stepson. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010)

13-70055

(no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**